## AFFIDAVIT IN SUPPORT OF FEDERAL COMPLAINT

I, Task Force Officer Michael W. Jones, being duly sworn under oath, state as follows:

## BACKGROUND AND PURPOSE

1.    I am a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. Since 2014, I have been assigned as a TFO to the FBI Gang Response Investigative Team (GRIT) Task Force. I am also a police officer employed by the Indiana State Police since 2000.  During my assignment to the GRIT Task Force, I have been involved in numerous investigations into violent crimes and into the sale of controlled substances.  During my assignment to the FBI GRIT Task Force, I have been involved in numerous drug investigations utilizing different investigative techniques, including interviews and interrogations, source recruitment and handling, surveillance, and surreptitious recording devices, among others.  Since my assignment to the FBI GRIT Task Force, I have participated in numerous large-scale drug investigations to include wiretap investigations.  These wiretap investigations have included large-scale organizations and smaller-

scale street level investigations. I have experience in investigating drug trafficking organizations distributing cocaine, marijuana, methamphetamine, and cocaine. Through my training, education, and experience, I have become familiar with the manner in which narcotics dealers conduct their business and utilize cellular telephones.

2. My experience as a narcotics agent includes, but is not limited to, conducting physical surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working with undercover agents and informants, issuing administrative and federal grand jury subpoenas, analyzing phone toll and financial records, and analyzing data derived from the use of pen registers and trap traces.

3. The information contained in this affidavit is based upon my firsthand knowledge and the information provided by other law enforcement officers and witnesses. This affidavit is being submitted for the limited purpose of establishing probable cause for a federal complaint, and therefore contains only a summary of the relevant facts. I have not included each and every fact known to me concerning this investigation.

4. On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that on April 30, 2026 in the Northern District of Indiana, Brian K. BILLUPS forcibly assaulted, resisted, opposed, impeded,

intimidated, and interfered with a person designated in Title 18, United States Code, Section 1114, namely, deputy United States marshals and task force officers of the United States Marshals Service, while they were engaged in the performance of their official duties, and in the commission of such acts used a deadly and dangerous weapon, in violation of Title 18, United States Code, Sections, 111(a), 111(b) and that Brian K. BILLUPS used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a crime of violence, in violation of Title 18, United States Code, Section 924(c). The firearm was discharged.

## SUMMARY OF PROBABLE CAUSE:

5.    The US Marshal Service Fugitive Task Force ("USMS") learned that Brian K. Billups had two active arrest warrants for supervised release and bond violations from the Northern District of Illinois. USMS learned that Billups was staying at 700 Matthews Street in Gary, Indiana, within the Northern District of Indiana. Billups is a previously convicted felon.

6.    USMS learned that Billups was at 700 Matthews Street after conducting surveillance.

7.    On April 30, 2026, at approximately 7:15 AM, USMS attempted to execute an arrest warrant on Brian K. BILLUPS.

8.    USMS had two different teams approach 700 Matthews Street. One team approached the south door of 700 Matthews Street. Another team

approached the east door of 700 Matthews Street, which was the front of the residence facing Matthews Street in Gary, Indiana. The south door team was the primary point of entry and the east door team served as backup. All officers were marked as members of the USMS.

9.    The south door team knocked and announced their presence, stating that they had a warrant for Billups' arrest. Upon announcing their presence, the south door team breached into 700 Matthews Street. As the east door team was standing by, they saw shots being fired at them through a nearby window. They also noticed movement of blinds covering the window as bullets went through.

10.    Once they realize they are being shot at, both USMS teams retreated to cover and held the perimeter for Lake County SWAT to arrive.

11.    Once SWAT arrived, they utilized a large, armored vehicle to breach into the east side of the residence. SWAT also breached the north end of the residence. Throughout their actions, SWAT continuously called for Billups to surrender.

12.    SWAT sent a drone into the residence to locate where Billups was hiding. At some point, it is believed that Billups damaged the drone.

13.    Shortly afterwards, Billups surrendered. Members of SWAT arrested Billups and escorted him from the premises. While arresting

Billups, SWAT noticed what they believed to be a Smith and Wesson firearm located on the floor in one of the bedrooms.

14.    A subsequent canvass of the immediate area led investigators to find several bullet holes in the siding of the residence located across the street from 700 Matthews. The residence was at 701 Matthews Street in Gary, Indiana. This is in line with the window that shots were fired.

15.    In a subsequent post-*Miranda* interview, Billups admitted to shooting a Smith and Wesson 9mm pistol that he keeps under his pillow. Billups claimed that he was firing warning shots. Billups stated that one of his shots hit his cellphone. Billups admitted that he was a previously convicted felon and knew about his pending arrest warrant from the Northern District of Illinois.

16.    Deputy United States marshals and task force officers with the United States Marshals Service Fugitive Task Force are protected officials under Title18, United States Code, Section 1114.

## CONCLUSION

17.    On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that on April 30, 2026, in the Northern District of Indiana, Brian K. BILLUPS forcibly assaulted, opposed, resisted, impeded, intimidated, and interfered with a person designated in Title 18, United

States Code, Section 1114, namely deputy United States marshals and task force officers of the United States Marshals Service, while they were engaged in the performance of their official duties, and in the commission of such acts used a deadly and dangerous weapon, in violation of Title 18, United States Code, Sections 111(a), 111(b) and that Brian K. BILLUPS used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a crime of violence, in violation of Title 18, United States Code, Section 924(c).  The firearm was discharged.

18. This complaint and accompanying warrants are being considered electronically via telephone or other reliable electronic means, in accordance with Federal Rules of Criminal Procedure 41(d)(3) and 4.1. Furthermore, this affidavit has been electronically transmitted verbatim to the judge.

FURTHER AFFIANT SAYETH NOT.

_Michael W. Jones_

Michael W. Jones
Task Force Officer
Federal Bureau of Investigation

This affidavit and accompanying warrant have been transmitted to me electronically and the affiant has verbally attested to the truth and accuracy of the contents via telephone this 1st day of May 2026.

s/Abizer Zanzi

HONORABLE ABIZER ZANZI
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA